Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio


# MEMORANDUM OPINION

No. 04-08-00937-CR

Richard **SANCHEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 144th Judicial District Court, Bexar County, Texas
Trial Court No. 2002-CR-4239
Honorable Catherine Torres-Stahl Judge Presiding

Opinion by:    Steven C. Hilbig, Justice

Sitting:        Phylis J. Speedlin, Justice
               Rebecca Simmons, Justice
               Steven C. Hilbig, Justice

Delivered and Filed: November 25, 2009

MOTION TO WITHDRAW GRANTED; AFFIRMED

Richard Sanchez pled no contest to a charge of indecency with a child by exposure in exchange for the State's recommendation that adjudication be deferred. Pursuant to the plea agreement, the trial court deferred adjudication and placed Sanchez on community supervision for a period of six years. The State later filed a motion to adjudicate guilt, alleging Sanchez violated

various conditions of his community supervision.  Sanchez pled not true to the allegations.  After a hearing, the trial court adjudicated Sanchez guilty and sentenced him to six years in prison.

Sanchez's court-appointed appellate attorney filed a motion to withdraw and a brief in which she concludes this appeal is frivolous and without merit.  The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978), and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969).  Sanchez was provided a copy of the brief and motion to withdraw and was further informed of his right to review the record and file his own brief.  Sanchez has not done so.

After reviewing the record and counsel's brief, we find no reversible error and agree with counsel the appeal is wholly frivolous.  *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).  We therefore grant the motion to withdraw filed by Sanchez's counsel and affirm the trial court's judgment.  *See id.*; *Nichols v. State*, 954 S.W.2d 83, 86 (Tex. App.–San Antonio 1997, no pet.); *Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.–San Antonio 1996, no pet.).

No substitute counsel will be appointed.  Should Sanchez wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a *pro se* petition for discretionary review.  Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that is overruled by this court.  *See* TEX. R. APP. P. 68.2.  Any petition for discretionary review must be filed with this court, after which it will be forwarded to the Texas Court of Criminal Appeals along with the rest of the filings in this case.  *See id.* R. 68.3.  Any petition for discretionary

review must comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See id.* R. 68.4.

Steven C. Hilbig, Justice

Do not publish